In the Matter of Thomas and Kathaline LAWS, Debtors.

Bankruptcy No. BK98–41336.

United States Bankruptcy Court, D. Nebraska.

July 20, 1998.

Bert E. Blackwell, McCook, NE, for Debtors.

Jerry L. Jensen, Omaha, NE, for United States Trustee.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is debtors' Motion to use their attorney's mailing address on their bankruptcy schedules and statement of financial affairs (the "Motion"). The bankruptcy debtors seek to avoid publicity in their local newspaper about the filing of this bankruptcy case. The Motion is denied.

Debtors' counsel and debtors do not reside in the same town. If the debtors are permitted to use their counsel's office address, it is unlikely that the filing of the debtors' bankruptcy petition will be publicized in newspapers distributed in the community in which the debtors reside. The debtors' Motion specifically states that the debtors want to keep the existence of the bankruptcy case from the knowledge of one of the debtor's elderly parents and from one of the debtor's employer.

Except in unusual circumstances, such as when a debtor is threatened by assault from a former spouse, it is not appropriate for the court to take any action which reduces or diminishes publicity about the filing of a bankruptcy case. The news media should be free, at their discretion, to report the filing of a bankruptcy case. A bankruptcy filing is highly pertinent information to commercial enterprises in the geographic area where the debtor resides. Businesses must make daily decisions about entering into credit transactions with members of the

public. The legitimate financial interests of businesses will be frustrated if the filing of a bankruptcy case is maintained on a confidential basis. The need of the public to know of the filing of the bankruptcy case, and the right of the news media to obtain and publish this information outweighs the debtors' desire to avoid the embarrassment and difficulties attendant to the filing of bankruptcy.

Bankruptcy debtors are not entitled to be protected from publicity about the filing of the bankruptcy case. Congress has, however, determined that bankruptcy debtors are entitled to be protected from certain actions of their creditors, and from certain discriminatory employment practices. *See* 11 U.S.C. §§ 362 and 525. I therefore conclude that the debtors' Motion to use their attorney's mailing address on their bankruptcy schedules and statement of financial affairs should be, and is hereby overruled.

IT IS SO ORDERED.